## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**WILLIE JAMES MITCHELL JR,**

      **Plaintiff,**

    **v.**

**SEAN BAUDERS, in his individual capacity, THE GROVELAND POLICE DEPARTMENT, and THE CITY OF GROVELAND,**

      **Defendants,**

_____/

**Case No.: 5:25-cv-00660-JSS-PRL**

### ORDER

The Plaintiff, Willie James Mitchell, Jr., who is proceeding *pro se*, filed this action against Defendant Sean Bauders, in his individual capacity, the Groveland Police Department, and the City of Groveland. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

### I.    Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is

immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.    Discussion

As best can be discerned from the allegations of the complaint, Plaintiff's claims arise from an automobile accident that occurred on December 2, 2022, and his dissatisfaction with law enforcement's actions. (Doc. 1). Plaintiff asserts that he was lawfully operating his son's vehicle and was involved in a four-car collision. Plaintiff contends that another individual, Brent Dennison, admitted fault for the accident and told officers that he had dropped his phone and failed to notice that the vehicles ahead had stopped. In a conclusory manner, Plaintiff asserts that Officer Bauders refused to take a statement from Plaintiff's son, unlawfully searched Plaintiff's phone without permission or a warrant, and later relied on a false witness statement. (Doc. 1 at 2). Plaintiff contends that Officer Bauders falsified his accident report and placed the blame on Plaintiff rather than Dennison. Plaintiff further states that he filed an internal complaint against Bauders, but it was denied. Plaintiff also states that he was wrongfully issued a traffic citation for following too closely, but it was later dismissed.

Plaintiff's complaint purports to assert two claims for relief. First, Plaintiff asserts a claim against Bauders pursuant to 42 U.S.C. § 1983 for conducting a warrantless search of Plaintiff's phone, fabricating evidence and falsifying the crash report, and engaging in racial profiling. Next, Plaintiff asserts a claim for municipal liability against the Groveland Police Department and the City of Groveland for maintaining policies, customs and practices that tolerated or encouraged officer misconduct and for failing to adequately train, supervise or discipline leading to constitutional violations. (Doc. 1).

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Liberally read, the complaint fails to state a plausible claim under § 1983 against Officer Bauders. The conclusory allegations in the complaint do not sufficiently constitute a factual basis for Plaintiff's claim that his civil rights were violated. Likewise, the complaint also fails to sufficiently allege municipal liability against the City of Groveland. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, (1978).

Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.    Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **February 20, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements

contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on January 9, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties